NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN PINEDA-FLORES, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-73391 Agency No. A075-595-941 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Christian Pineda-Flores, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We do not consider Pineda-Flores's family-based social group claim because the BIA did not decide the issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Pineda-Flores does not contend the BIA erred in finding that his family-based social group claim was not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

The BIA did not err in finding that Pineda-Flores did not otherwise establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d

2                                                                                      17-73391

1148, 1151-52 (9th Cir. 2010) ("returning Mexicans from the United States" not particular enough to be a cognizable social group); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Pineda-Flores's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Pineda-Flores failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative). We lack jurisdiction to consider Pineda-Flores's contention that the IJ failed to fully consider his claim for CAT relief because he failed to raise the issue to the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("Petitioner will . . . be deemed to have exhausted only those issues he raised and argued in his brief before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**